### J. B. HARVEY v. W. H. HUGHES.

(Filed 10 October, 1923.)

**Evidence—Questions for Jury.**

In this action to recover upon a note given for balance of a stock of goods: *Held*, upon establishing the defense of fraud, the question was for the jury, and the judgment below adjusting the relative claims of the parties, as to the cash payment and the evidently increased value of the merchandise from date of purchase, was a proper one.

APPEAL by plaintiff from *Calvert, J.*, at chambers in Kinston, 19 June, 1923. From CRAVEN.

Civil action, arising out of contract. Defense interposed · upon the ground of a breach of warranty in connection with the value of the stock sold by plaintiff to defendant, and for which the note in suit was given.

The jury returned the following verdict:

"1. What is the amount of the note sued on? Answer: '$5,800 and interest from 21 May, 1920.'

"2. Did the plaintiff represent and warrant to the defendant that the $6,800 in stock sold the defendant was worth par at the time of the sale to the defendant? Answer: 'Yes.'

"3. If so, what was the actual value of the stock at the time of the sale? Answer: 'Nothing.'

"4. What damage is defendant entitled to recover of the plaintiffs for breach of said warranty? Answer: 'Return note of $5,800.'

"5. What damage, if any, is defendant entitled to recover of the plaintiff by way of counterclaim? Answer: 'None.' "

Judgment for defendant and a further order that the defendant surrender the stock in question to the plaintiff upon the payment by him of $1,000, this being the amount received by plaintiff over and above the note given at the time of sale of said stock. Plaintiff appealed.

*Moore & Dunn for plaintiff.*
*Ward & Ward for defendant.*

STACY, J. In March, 1920, plaintiff sold to the defendant 68 shares of the capital stock of the Craven Tobacco Company at and for the price of $100 per share. Defendant paid $1,000 in cash and executed his note to the plaintiff for $5,800, representing the balance due on the purchase price of said stock. This suit is to recover on the note. Defendant denies liability on the ground of an alleged breach of warranty in connection with the value of said stock; and he seeks to recover, by way of counterclaim,. the $1,000 paid at the time of sale. The fifth issue is addressed to the counterclaim.

The controversy on trial narrowed itself principally to questions of fact, which the jury alone could determine. A careful perusal of the record leaves us with the impression that the case has been tried in substantial conformity to the law bearing on the subject, and we have found no sufficient reason, upon the exceptions presented, for disturbing the verdict.

The value of the stock at the time of trial evidently was greater than it was at the time of sale, or else a different verdict would have been rendered. But however this may be, his Honor has given the plaintiff an opportunity to redeem the stock by returning the cash payment of $1,000. Otherwise, under the verdict and judgment, the plaintiff is entitled to keep the cash payment, and the defendant is entitled to retain the stock. This, as we understand it, is the correct interpretation of the verdict and judgment.

The record presents no reversible error, and hence the judgment below must be upheld.

No error.